IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| SUE ELLEN TAYLOR, | ) | CASE NO. 5:18 CV 1331 |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) ) | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | **MEMORANDUM OPINION & ORDER** |

## Introduction

Before me[1] is an action by Sue Ellen Taylor under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits.[2] Because the ALJ's no disability finding lacks the support of substantial evidence, this matter is reversed and remanded for further administrative proceedings consistent with this opinion.

## Issues Presented

This case presents the following issues for decision:

- The ALJ found that Taylor's severe impairments did not meet or equal requirements of Listing Section 12.03C.[3] Does substantial evidence support that finding?

---

[1] ECF No. 13. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 11, Transcript ("Tr.") at 14.

- The state agency reviewing psychologists opined that Taylor's work-related limitations should include a low stress environment.[4] The ALJ did not refer to this limitation in his decision, include it in Taylor's residual functional capacity ("RFC"), or explain why he excluded it. He nevertheless gave these opinions considerable, but not significant, weight. Does substantial evidence support the RFC absent the low stress environment limitation?

## Analysis

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the

---

[4] *Id.* at 89-90, 99-100, 112, 123.
[5] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

**A.     Step Three challenge**

If a claimant has a severe impairment or combination of impairments that meets one of the listings in Appendix 1 to Subpart P of the regulations, the claimant is disabled.[8] Because the listings describe impairments that the Social Security Administration considers "severe enough to prevent and individual from doing any gainful activity, regardless of his or her age, education, or work experience,"[9] the Commissioner will deem a claimant who meets or equals the requirements of a listed impairment conclusively disabled.[10] Each listing sets out "the objective medical and other findings needed to satisfy

---

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[8] *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Circ. 2009); *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citing Rabbers).
[9] 20 C.F.R. § 404.1525(a).  I note that the regulations for both disability insurance benefits and supplemental security income mirror each other and will be used interchangeably throughout this opinion.
[10] *Rabbers*, 582 F.3d at 653.

the criteria of that listing,"[11] and the claimant bears the burden of proving[12] that she has satisfied all of the criteria of a listing in order to "meet the listing."[13]

Even if a claimant cannot demonstrate disability by meeting the listing, she may be disabled if her impairment is the medical equivalent of a listing.[14] Medical equivalence means that the impairment is "at least as equal in severity and duration to the criteria of any listed impairment."[15] The claimant seeking a finding that an impairment is equivalent to a listing must present "medical findings" that show her impairment is "equal in severity to all the criteria for the one most similar listed impairment."[16]

While the Sixth Circuit "does not require a heightened articulation standard [from the ALJ] at Step Three of the sequential evaluation process,"[17] "in order to conduct a meaningful review, the ALJ must make it sufficiently clear in his or her decision the reasons for the determination [as to the meeting a listing] in order for the Court to conduct a meaningful review."[18]

---

[11] 20 C.F.R. § 404.1525(c)(3).
[12] *Rabbers*, 582 F.3d at 653.
[13] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).
[14] 20 C.F.R. § 404.1520(a)(4)(iii).
[15] 20 C.F.R. § 404.1526(a).
[16] *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S. Ct. 885, 107 L.Ed.2d 967 (1990) (emphasis in original).
[17] *Marok v. Astrue*, No. 5:08CV 1832, 2010 WL 2294056, at *3 (N.D. Ohio June 3, 2010) (citing *Bledsoe v. Barnhart,* No. 04-4531, 2006 WL 229795, at *411 (6th Cir. Jan. 31, 2006)).
[18] *Eiland v. Astrue*, No. 1:10CV2436, 2012 WL 359677, at *9 (N.D. Ohio Feb. 2, 2012) (citing *Marok*, 2010 WL 2294056, at *3 (citations omitted)).

The state agency reviewing psychologists opined that Taylor did not meet or equal the 12.03C listing.[19] Further, the ALJ specifically considered Listing 12.03 and gave reasons supporting his findings consistent with the state agency reviewing physicians' opinions.[20] Substantial evidence supports the ALJ's Step Three determination.

**B.     RFC challenge**

The ALJ found Taylor possessed the RFC to perform a full range of work at all exertional levels, with several non-exertional limitations.[21] Taylor "must avoid all exposure to workplace hazards, including unprotected heights, moving mechanical parts[,] and operation of a motor vehicle."[22] The ALJ limited Taylor to performing "simple, routine tasks and the making of no more than simple, work-related decisions, undertaken in a work setting that is routine, in that it contemplates introduction of few changes to job tasks or duties, which setting requires no more than frequent interaction with supervisors and no more than occasional interaction with co-workers or the public."[23]

On initial review and reconsideration, the state agency reviewing psychologists limited Taylor to work in a low-stress environment.[24] Likewise, Taylor's treating psychologist, Dr. Wilke, opined that Taylor had a low stress tolerance.[25] But the ALJ's decision contains no explanation of why the RFC excluded the low stress limitation opined

---

[19] Tr. at 87, 97, 109, 120.
[20] *Id.* at 14-16.
[21] *Id.* at 16.
[22] *Id.*
[23] *Id.*
[24] *Id.* at 89-90, 99-100, 112, 123.
[25] *Id.* at 345.

5

by the state agency reviewing psychologists and Dr. Wilke. As the Social Security Administration's own interpretation of the regulations makes plain, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."[26] That was not done here.

Given Taylor's mental impairments and the severity thereof, and the opinions of the state agency reviewing sources and Dr. Wilke, substantial evidence exists for including the limitation in the RFC. By excluding it, Taylor logically would have the capacity for fast-paced or quota work, which the RFC does not rule out. The ALJ perhaps could have articulated reasons for excluding the limitation, which if supported by the record, could have created substantial evidence taking his decision into the zone of choice and supporting affirmance. He failed to do so – and, therefore, he failed to build a logical bridge between the evidence and the exclusion of the limitation. As such, the Step Four finding must be reversed and remanded.

In remanding, I do not prejudge whether good reasons exist for excluding the limitation or whether the vocational expert's testimony in response to a hypothetical including the limitation would support the existence of a substantial number of existing jobs.

---

[26] SOCIAL SECURITY ADMINISTRATION, SOCIAL SECURITY RULING 96-8P, POLICY INTERPRETATION RULING TITLES II AND XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, 1996 WL 374184, at *7 (July 2, 1996) ("SSR 96-8p"). *See also Weekly v. Comm'r of Soc. Sec.*, No. 1:13–CV–2108, 2015 WL 45529, at *8 (N.D. Ohio Jan. 2, 2015).

## Conclusion

The ALJ's no disability finding lacks the support of substantial evidence. The ALJ's decision, therefore, is reversed and remanded for further administrative proceedings consistent with this opinion. On remand, the ALJ must properly address the opinions of the state agency reviewing psychologists and Dr. Wilke, specifically their opinion that Taylor must be limited to low-stress work.

IT IS SO ORDERED.

Dated: August 9, 2019                          s/ William H. Baughman, Jr.
                                                               United States Magistrate Judge